A. Jordan Rushie, Esq.
Flynn Wirkus Young, P.C.
NJ ID No. 043232008
2424 E York Street, Suite 316
Philadelphia, PA 19125
T: (215) 568-1440
jrushie@flynnwirkus.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------------X
                                                                :
POPLAR OAKS, INC.,                                              :
                                                                :   Case No. 2:14-cv-07910
                                    Plaintiff,                  :
                                                                :
            vs.                                                 :
                                                                :
JOHN DOE subscriber assigned IP                                 :
address 24.0.101.201,                                           :
                                    Defendant.                  :
                                                                :
----------------------------------------------------------------X

**PLAINTIFF'S MOTION TO STAY 4(M) DEADLINE PENDING RULING ON ITS**
**DECEMBER 23, 2014 MOTION FOR LEAVE**

Plaintiff Poplar Oaks, Inc. ("Plaintiff"), by and through undersigned counsel, moves the Court for an order staying its obligation to serve Defendant John Doe ("Defendant") pursuant to Fed. R. Civ. P. 4(m) pending resolution of Plaintiff's December 23, 2014 motion for leave, and submits the following memorandum in support:

**I.      PERTINENT PROCEDURAL BACKGROUND**

At issue is Plaintiff's allegation that Defendant, on or about October 20, 2014, illegally downloaded and distributed one of Plaintiff's copyrighted films in violation of its valid copyright. Plaintiff collected its prima facie evidence and filed a complaint on December 19,

1

2014, requesting that Defendant delete and permanently remove, and be enjoined from continuing to infringe, Plaintiff's copyrighted works [CM/ECF 1].  Since Plaintiff is only able to identify Defendant by his Internet Protocol ("IP") address, Plaintiff filed a motion on December 23, 2014, requesting leave to serve a Rule 45 subpoena on the Defendant's internet service provider in order to identify Defendant and proceed with this action [CM/ECF 4].  In other words, Plaintiff requested leave of court to issue a subpoena on the Defendant's ISP to demand that Defendant's identity and contact information be furnished to Plaintiff to enable Plaintiff to serve Defendant and prosecute its claims.  Without such a subpoena, Plaintiff has no way of identifying and serving Defendant, and is left without a way to protect its valuable copyrights.  Plaintiff's motion for leave remains pending, but unless and until it is granted, Plaintiff is obviously unable to effectuate service of process on Defendant.  Under the circumstances and because it is physically impossible for Plaintiff to comply with the current 4(m) deadline—which is set for April 20, 2015—Plaintiff respectfully requests that the Court extend the time within which Plaintiff has to effectuate service of process over Defendant until 60 days after Plaintiff learns Defendant's identity from his ISP.

## II.   LEGAL MEMORANDUM

The only way to enforce Plaintiff's copyrights against online infringement is to subpoena the identity of the subscriber whose internet was used to commit the infringement.  And, in order to do this, Plaintiff must file a federal lawsuit and establish personal jurisdiction and venue by utilizing geolocation technology.  Without this ability, copyright owners like Plaintiff would have a right without a remedy, a state of affairs that would violate Chief Justice Marshall's oft-cited rule that "the very essence of civil liberty certainly consists in the right of every individual

to claim the protection of the laws, whenever he received an injury. [T]he government of the United States has been emphatically termed a government of laws, and not of men. It will certainly not cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right." *Marbury v. Madison*, 1 Cranch 137, 1803 WL 893, *17 (1803). The instant case is no exception; our government and laws provide copyright owners with the ability to ascertain the identity of infringers through a Rule 45 subpoena, especially where, as here, there is a reasonable likelihood that Defendant resides in this district. Under our current judicial system, there is simply no basis for forcing Plaintiff to litigate in the dark, without knowing the identity of its defendant. More fundamentally, forcing Plaintiff to comply with a 4(m) deadline prior to Plaintiff is able to discover Defendant's identity is untenable because Plaintiff is *physically incapable* of complying with the 4(m) deadline since it does not yet know Defendant's identity. *Cf. AF Holdings LLC v. Doe*, No. 2:12-cv-01063, 2012 WL 1898843, *3 (E.D. Cal. May 23, 2012) (noting that a plaintiff cannot name and serve a doe defendant with process until it is able to ascertain his identity and conduct early investigations); *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (refusing to dismiss defendants because plaintiff did not know their identities and thus had not had an adequate opportunity to engage in discovery).

     WHEREFORE, Plaintiff respectfully requests that the Court enter an order extending the time within which it must service Defendant with process pending the Court's ruling on Plaintiff's pending December 23, 2014 motion for leave and until sixty (60) days after Plaintiff learns Defendant's identity from the ISP. Sixty days would be an appropriate extension of time since it is still roughly half the time allowed to virtually other plaintiffs under Rule 4(m) and it

would adequately enable Plaintiff to conduct an investigation to ensure a good faith basis to amend its complaint to name and proceed against the Doe Defendant.

Dated: March 27, 2015

Respectfully submitted,

POPLAR OAKS, INC.
By: /s/ *A. Jordan Rushie*
**Flynn Wirkus Young, P.C.**
NJ ID No. 043232008
2424 E York Street, Suite 316
Philadelphia, PA 19125
215-568-1440
jrushie@flynnwirkus.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *A. Jordan Rushie*